JAMES H. CRIDER ET AL. V. SAN ANTONIO REAL ESTATE BUILDING AND
LOAN ASSOCIATION.

Delivered April 1, 1896.

**1. Usury—Building Lien Contract—Monthly Payments.**

A building association loan was made at the highest legal rate of interest, and the notes therefor, made payable in monthly installments, included the interest to the time of each payment, and also provided for interest at the same rate after maturity, in case of default. Held, that this latter feature did not render the loan usurious, since, if the notes had been paid at maturity, the contract would have been legal, and the borrower could not make it illegal by his own default. Brown v. Crow, 29 S. W. Rep., 653, from the Third District, dissented from.

**2. Same—Rule of Construction.**

The legality of contracts should be determined on the assumption that the contracts will be performed according to their stipulations, and not upon the supposition that they will be violated.

APPEAL from Bexar. Tried below before Hon. S. G. NEWTON.

The judgment in this case was practically affirmed by the Supreme Court upon certified question. See Crider v. Association, 35 S. W. Rep., 1047.

*B. L. Aycock* and *Jas. Raley*, for appellant.—1. The court erred in rendering judgment for plaintiff for the full amount of its demand, because in so doing it disregarded defendants' plea of usury. Sayles' Civ. Stats., arts. 2978-2979; Duncan v. Hough, 27 S. W. Rep., 947; Fisher v. Hoover, 3 Texas Civ. App., 81; Brown v. Crow, 29 S. W. Rep., 653; Kimbrough v. Lukins, 70 Ind., 373; Watson v. Mims, 56 Texas, 451; Mathews v. Toogood, 37 N. W. Rep., 265; 85 Ill., 102; 26 N. E. Rep., 626; 26 Pac. Rep., 818.

2. It is indirectly violating the statute of usury to compound the interest, where by so doing it makes the interest greater than allowed by law. Brown v. Crow, 29 S. W. Rep., 653; Mathews v. Toogood, 37 N. W. Rep., 265.

*Simpson & Onion*, for appellee.

NEILL, ASSOCIATE JUSTICE.—A suit by appellee against appellants on certain notes given by the latter to the former and to foreclose a lien on certain premises. Usury was the defense. Judgment was rendered in favor of plaintiff for $1853.53 with a foreclosure of the lien as prayed for.

*Conclusion of fact.*—On the 10th day of April, 1891, appellee and appellants entered into a written contract, by the terms of which the association agreed to build a dwelling for appellants, according to certain plans and specifications, on lot No. 6 in block No. 4 of Paschal and Lewis' addition to the city of San Antonio. The house was constructed and completed by the appellee according to its contract, and Crider and wife obligated themselves to pay the association for its construction the sum of $2160 with interest thereon from the 10th day of April, 1891, at the rate of 12 per cent per annum, which sum was to be made in monthly installments, each payment to be composed of $30 principal with interest at the rate stated upon the whole amount of principal unpaid at the date of such monthly payment added. In pursuance of this agreement the appellants executed the appellee their seventy-two promissory notes, which, except as to amount and time of maturity, are of like form, tenor and effect as the following one, viz:

"(1)　　　　　　　San Antonio, Texas, April 10, 1891.

On the first day of June, 1891, for value received, we or either of us promise to pay to the San Antonio Real Estate Building and Loan Association, at their office in San Antonio, Texas, the sum of sixty-five dollars, and sixty cents ($65.60) with interest at twelve per cent per annum from maturity until paid, and the attorney's fee of ten per cent should this note be collected by law. This note is secured by a lien of even date herewith, made by us to said Association, which is duly recorded in the records of Bexar County, in State of Texas, and subject to no prior liens whatsoever.

　　　　　　　(Signed)　　　　　　　"J. H. Crider,
"$65.60.　　　　　　　　　　　　　"Fanny Crider."

In this note interest on $2160 at the rate of 12 per cent. per annum was computed from April 10th up to June 1, 1891, and added to the $30 principal therein included. Of the other notes number two is payable on July 1, 1891, and one on the first of each successive month until all are paid. Number two contains the same amount of principal ($30) as number one, and $21.30 interest, which is the interest at the rate stipulated on $2130, the amount of the principal remaining after deducting the $30 thereof included in the note copied. In the computation of interest on the principal this deduction is made on each succeeding note so as to make each exactly thirty cents less than the one next preceding it. These notes were secured by a lien upon the land on which the building was situated. Twenty-eight of them numbered one to twenty-eight consecutively were paid. Forty-four of them from the numbers twenty-nine to seventy-two, both inclusive, are unpaid and are the ones sued on. The contract provided that whenever any three of said notes or monthly payments remained unpaid in whole or in part after maturity, the balance of the notes remaining should become due and payable, and that the Association might at any time thereafter, proceed to foreclose said debt and lien, but only to the extent of the

actual unpaid principal and overdue interest with 12 per cent. interest per annum on same. When this suit was filed, May 4, 1895, more than three of the monthly payments were due and unpaid.

*Conclusions of Law.*—When the contract was made, parties to a written contract could agree to and stipulate for any rate of interest not exceeding twelve per cent. per annum on the amount or value of the contract. It is ascertainable from a calculation that the amount of interest included in the notes, if they are paid when they fall due according to contract, does not exceed the rate allowed by law. It is on the assumption that contracts will be performed according to their stipulations by the parties to them, and not upon the supposition that they will be violated, their legality should be determined. It would be an anomaly to make the violation of a contract the test of its legality; to say to a party, "If you perform your agreement according to its terms, it is valid and meets all the requirements of the law; but if you fail to observe its provisions, it ipso facto becomes illegal." This would place it in the power of one by a breach of a legal agreement by his own wrong to avoid its performance and to visit the punishment due his own iniquity upon him whose rights he has violated. The party who violated his contract alone should suffer and be held liable for the consequences of its violation.

Where by the terms of the contract payment by the time certain may avoid usury, the contract is not usurious, the interest in such case being regarded as a penalty for the default. Perley on Interest, 222, and authorities cited; Culler v. How, 8 Mass., 258. The case falls within this well established principle, which seems to have been ignored in the case of Brown v. Crow, 29 S. W. Rep., 653, an opinion this court cannot approve.

The judgment is affirmed.                                    *Affirmed.*

Chief Justice James entered his disqualification and did not sit in this cause.

### ON MOTION FOR REHEARING.

Upon considering this motion we deemed it advisable to certify to the Supreme Court the question, whether under the facts in this case the contract between the parties is usurious; and having received from it an answer in the negative, we overrule the motion.

*Overruled.*