## J. J. FAULK ET AL. V. J. R. SANDERSON ET AL.

### No. 446.—Decided June 15, 1896.

**1. Location of Certificate—Titled Land.**

Sec. 2, art. 14, of the Constitution, prohibiting location of land certificates on "land titled or equitably owned under color of title from the sovereignty of the State" does not prevent the location of certificates on land as untitled public domain, though it has once been patented, after a decree of court has been obtained by the State cancelling such title as improperly issued. (P. 696.)

**2. Judgment—Effect on Status of Property.**

Where the decree of a court of competent jurisdiction fixes the status or title of property, strangers may deal with it, even pending appeal, on the assumption that it correctly fixed such status or title from the date of its rendition, unless it should be set aside in some legal proceeding. (P. 696.)

**3. Same—Location Pending Appeal.**

One holding land under a patent issued upon an invalid certificate appealed from a judgment of the district court cancelling such patent at suit of the State. Pending his appeal the land was subject to location, and such location and a patent thereon prevailed over his own location of another certificate made after the judgment cancelling the original title was affirmed on appeal. (Pp. 696, 697.)

**4. Forfeiture of Survey—Notice.**

Article 4057 of Revised Statutes, requiring notice of a survey becoming forfeited and void, to be given by the commissioner to parties interested before any new file or location thereon can be made, does not apply or require notice to one whose title was forfeited by decree in a judicial proceeding by the State, to which he was a party. (P. 697.)

ERROR to Court of Civil Appeals, Second District, in an appeal from District Court of Wichita County.

Faulk et al. claiming the land in controversy under a patent to him, sued Sanderson et al., who claimed it by prior location unpatented. Plaintiffs had judgment for the land in the trial court. On defendant's appeal the Court of Civil Appeals reversed and rendered judgment for appellants, the defendants below. Plaintiffs then procured writ of error.

*Ward & James,* for plaintiffs in error.—No original certificate for a league and labor ever having been issued to Donati Leona, the duplicate certificate, as well as the patent, were issued without authority of law, were null and void, and in consequence thereof the land covered by said patent was subject to the location of appellees' certificate. Gunter v. Meade, 78 Texas, 637; Texas Ld. and Mort. Co. v. State, 1 Texas Civ. App., 616.

On the twenty-first of November, A. D. 1891, the State obtained a judgment against appellants in this cause for the cancellation of the patent issued to Donati Leona, which on appeal was affirmed by the Court of Civil Appeals on December 13, 1892. The land in controversy was therefore vacant at the time of the location of the certificate of appellees, on January 20, 1892. Gibbs v. Belcher, 30 Texas, 84; Railway v. Nolan, 53 Texas, 146; Brooke v. Clark, 57 Texas, 109; Gruner v. Westin, 66 Texas, 215; Woodson v. Collins, 56 Texas, 173; Westmore-

land v. Richardson, 2 Texas Civ. App., 177; Railway v. Day, 3 Texas Civ. App., 355; Thompson v. Griffin, 69 Texas, 139; Railway v. Jackson, 85 Texas, 607; 1 Freeman on Judgments, sec. 328; 1 Black on Judg., 570; Bank v. Wheeler, 73 Am. Dec., 683; Neill v. Comparet, 79 Am. Dec., 411; Young v. Brehe, 3 Am. St. Rep., 894; Sage v. Harpending, 49 Barb., 166; Harris v. Hammond, 18 How. Pr., 123; Burton v. Burton, 28 Ind., 342; Allen v. Mayor, 9 Ga., 286; 20 Ind., 87; 67 Ind., 434.

Where a grant is void or voidable and the State obtains a judgment annulling the patent or grant, it then stands as if no grant had ever been made, and the land embraced in such a grant is not protected from location by article 14, section 2, of the Constitution. Gunter v. Meade, 78 Texas, 637; Texas Land & Mortgage Co. v. State of Texas, 1 Texas Civ. App., 616; Marsh v. Weir, 21 Texas, 110; Smith v. Power, 23 Texas, 33; Whitehead v. Foley, 28 Texas, 290; Bryan v. Crump, 55 Texas, 11.

The duplicate certificate having issued without authority of law, the same was null and void, the claimants of such certificate having never had a valid right to the land as against the State, there could have been no forfeiture in the meaning of article 3812, Sayles' Civil Statutes, for the reason there never was a pre-existing right. Gunter v. Meade, 78 Texas, 637; Texas Land & Mortgage Co. v. State of Texas, 1 Texas Civ. App., 616; Adams v. Railway, 70 Texas, 272; The State v. De Gress, 72 Texas, 245; De La Garza v. Cassin, 72 Texas, 443.

If art. 3812, Sayles' Civ. Stats., is applicable, it cannot avail appellants, for they are not the owners of the Donati Leona certificate, and consequently were not entitled to notice of the forfeiture of the survey made by virtue of same. Sayles' Civ. Stats., art. 3812; League v. Rogan, 59 Texas, 431; Grigsby v. May, 84 Texas, 249.

Article 3812 only protects the owner of the forfeited survey ninety days, and entitles only the owner of such survey to the notice contemplated by said article. When the patent was canceled the only claim of appellants to the land was through a forged deed. This forged deed did not make them the owners of the forfeited survey, consequently they had no right under the statute to locate on the land, as that privilege was alone awarded to the owner. Not having the right to locate on the land, they were not entitled to the notice.

Appellants having located on the land after the patent had issued under which appellees claim, and not having any prior rights or equities, they cannot question the validity of said patent, but are concluded by the same. Constitution, art. 14, sec. 2; Railway v. Locke, 74 Texas, 403; Trueheart v. Babcock, 51 Texas, 177; Westrope v. Chambers, 51 Texas, 187; Summers v. Davis, 49 Texas, 541; Winsor v. O'Connor, 69 Texas, 571.

*Bomar & Bomar*, for defendants in error.—Lands held under void patents are not subject to location unless the holder under the void patents locate on same, and such lands are not subject to location after the

State has brought suit to cancel until termination of suit by appeal, and, if neither of the above propositions are true, then it is not subject to location at all, for the reason that it would require a legislative act to place it on the market.    Constitution 1876, art. 14, sec. 2; Sayles' Civil Stats., arts. 3936, 3951 and 3977.

Lands held under void patents are subject to location when the holder surrenders his patents, by re-location, or when he has been forced to surrender by the final termination of judicial procedure by appeal, and not before then.   If the above proposition is not correct, then the land in controversy was withdrawn from location by the Constitution, and it takes a constitutional enactment to make it subject to location.   Art. 3812, Sayles' Civil Statutes, gives holder of land under void patents ninety days, after notice by Commissioner of General Land Office, within which to re-locate on same land.

On argument they cited Winsor v. O'Connor, 69 Texas, 571; Taylor v. Llewellyn, 79 Texas, 96; Jackson v. Clark, 1 Peters, 638; Zalloway v. Finley, 1 Peters, 298; McArthur v. Dunn, 7 How., 270.

Upon the proposition that the patent to Faulk was void if issued on a void location, Kimmell v. Wheeler, 22 Texas, 77; Sherwood v. Fleming, 25 Texas, Sup. 427; Bates v. Bacon, 66 Texas, 349; Calvert v. Ramsay, 59 Texas, 490; Stewart v. Cooke, 66 Texas, 523; Gammage v. Powell, 61 Texas, 629; Gunter v. Meade, 78 Texas, 637.

*Head, Dillard & Muse,* also for defendants in error, in argument on motion for rehearing, cited, on effect of pendency of appeal, Railway v. Jackson, 85 Texas, 605; Receiver v. Stanton, 86 Texas, 625; 2 Black on Judgments, sec. 510.

That when the land was once withdrawn from location it would take a legislative act to make it again subject to location.   Spencer v. McDougal, 40 U. S. (Law. ed.) 76.

DENMAN, ASSOCIATE JUSTICE.—In 1835 the Government of Texas issued to Leona a colonial grant of a league of land, which is a valid and subsisting grant in Angelina County, Texas.   In 1838 the Board of Land Commissioners of Nacogdoches County issued to Leona a certificate for one labor of land.   Leona died in 1840.   Some one forged a transfer of said certificate from Leona to Cooper, dating the same 1847.   On December 4, 1874, Cooper procured from the Commissioner of the General Land Office the issuance of a duplicate certificate to Leona for a league and labor of land, when in fact there never was any original certificate issued to Leona for a league and labor.   In 1875 said duplicate certificate was located on the land in controversy and in 1883 Cooper conveyed said duplicate certificate and land located thereby to Purinton, to whom in 1884 the land was patented, said patent being, in 1884, regularly recorded in the Land Office and in Wichita County, Texas, where the land is situated.   There is a regular chain of title from the patentee, Purinton, to defendants in error herein.   In July,

1890, one Lee, claiming the rights of the heirs of Leona, sued defendants in error herein in trespass to try title in the District Court of Wichita County, Texas, to recover the land in controversy herein, it being included in said patent. In that suit the State of Texas intervened and sought to cancel said patent on the ground that the duplicate certificate under which it was located and patented was issued without authority, and that therefore it and the patent were void. The District Court of Wichita County, on the 21st of November, 1891, rendered a judgment in said cause in favor of the State, canceling the patent and decreeing the land to the State, from which judgment the losing parties prosecuted an appeal to the Court of Civil Appeals, which court affirmed such judgment on December 13, 1892.

Pending such appeal, on January 20, 1892, DeCordova located a valid land certificate owned by him on a part of the land included in said Purinton patent, and caused the field notes to be returned to the General Land Office in accordance with law, and afterwards, DeCordova having conveyed the land and certificate thus located to J. J. Faulk, a patent was issued to the latter therefor on December 21, 1892.

On the 28th day of December, 1892, defendants in error herein, being the owners of a valid land certificate, located the same on the land included in the patent to Faulk and caused same to be regularly surveyed and the field notes returned to the Land Office in time provided by law, but no patent has been issued thereon.

Relying upon said patent issued to him, J. J. Faulk and his co-plaintiffs in error herein sued defendants in error herein in trespass to try title to recover the land included in said patent to Faulk and in said survey made by defendants in error December 28, 1892; and upon the facts above stated the District Court of Wichita County rendered judgment in favor of plaintiffs in error against defendants in error for the land included in said patent to Faulk, which judgment being appealed from by defendants in error the Court of Civil Appeals reversed same and rendered judgment that plaintiffs in error take nothing by this suit and that defendants in error go hence without day and recover of plaintiffs in error all costs expended herein. In reversing and rendering the judgment the Court of Civil Appeals proceeded upon the theory that the location made by DeCordova was void because section 2 of article 14 of the Constitution of Texas, providing "that all genuine land certificates heretofore or hereafter issued shall be located, surveyed or patented only upon vacant and unappropriated public domain, and not upon any land titled or equitably owned under color of title from the sovereignty of the State, evidence of the appropriation of which is on the county records or in the General Land Office," prohibited location upon the land covered by the patent to Purinton, though such patent had been held void by said decree of the District Court of Wichita County in favor of the State, until such decree was affirmed by the Court of Civil Appeals as aforesaid.

Plaintiffs in error have brought the case to this court, assigning as

error the action of the Court of Civil Appeals in reversing the cause and rendering judgment against them.

It is conceded by both parties that under the authority of Winsor v. O'Connor, 69 Texas, 571, the land covered by the void patent to Purinton was "land titled" and not subject to location under said constitutional provision prior to the rendition of the judgment by the District Court of Wichita County canceling said patent. But it is contended by plaintiffs in error that upon the rendition of such judgment it ceased to be "land titled," and became immediately subject to location notwithstanding the appeal.

Defendants in error contend that the location by DeCordova was unauthorized, because said constitutional provision withdrew the lands therein mentioned from location and, since the facts show that the land in controversy once belonged to the class so withdrawn, they could not, without a change in the Constitution, be made subject to location by a decree of the court canceling the Purinton patent and awarding the lands to the State.

It was not the purpose of the Constitution to validate or affect in any manner the class of titles therein mentioned as between the holders thereof and the State, but merely to prevent such holders from being disturbed by new locations so long as they continued to hold under such titles. It did not inhibit the bringing of a suit by the State against the holder of such a title to cancel same and recover the land; and we are of opinion that when the land is recovered by the State from such a holder in such a suit, it ceases to belong to the class of lands contemplated by said provision, and its location is no longer prohibited thereby.

It is next contended by defendants in error, that if the decree of the court canceling the Purinton patent and awarding the land to the State removed it from the class of lands protected from location by said constitutional provision, still such decree did not have that effect until it was affirmed on appeal, and since the DeCordova location was made before that date it was prohibited by said provision and void. It seems to be the general, if not the universal rule, that where a decree of a court of competent jurisdiction fixes the status or title of property, strangers to the decree may safely deal with same upon the assumption that such decree, unless it should be in some legal proceeding set aside, correctly fixed, as between the parties thereto, such status or title at the date of its rendition. The rendition of the decree of the District Court of Wichita County in favor of the State having fixed the status of the land as not being "land titled" within the purview of said constitutional provision and established the title as being in the State, DeCordova, holding a certificate whereby the State authorized him to locate upon such lands if such decree spoke the truth, had the right to deal with the land upon that assumption, subject of course to the contingency of the decree being set aside by some legal proceeding.

It may be true that if DeCordova, relying upon his location, had un-

dertaken to recover the land from defendants in error pending .the appeal from the judgment in favor of the State, he could not have used such judgment pending such appeal as evidence of the facts therein recited; but the rule of evidence would have been equally harsh upon him if no appeal had been taken and he had located upon the land before the expiration of the time allowed for writ of error and a writ of error had thereafter been sued out.  Railway v. Jackson, 85 Texas, 605.

In either case the rule of evidence might have resulted in the loss to him of his right to the land if he allowed his case to go to trial before the determination of the appeal or writ of error; but that does not establish that the right does not exist.  Before the passage of the law authorizing the correction of the certificate of acknowledgment of a married woman by suit, such acknowledgment though in fact formally made, could not be established by any evidence except the certificate of the notary, and therefore the purchaser would lose the land, not from any want of title, but because the law allowed only one mode of proof. Therefore, after the statute was passed, certificates previously made could be corrected by suit, since such suit only gave new evidence of a pre-existing right.  Article 4057 of the Revised Statutes has no application to a case where, as here, the title is forfeited by a decree against the parties claiming that they are entitled to the notice therein mentioned. The judgment is notice to them and it would be absurd to so construe the statute, if it has any application to this class of titles at all, as to require the Commissioner to give them further notice.

From what has been said it results that we are of opinion that the judgment of the Court of Civil Appeals should be reversed and the judgment of the trial court be here affirmed, and it is so ordered.

*Judgment of Court of Civil Appeals reversed.*

*Judgment of trial court affirmed.*

Delivered June 15, 1896.