[No. 12378. Department Two. September 27, 1915.]

CISSNA LOAN COMPANY, *Appellant*, v. HECTOR GAWLEY *et al.*, *Respondents.*[1]

USURY—EVIDENCE—ULTERIOR FACTS. Ulterior facts are admissible to show that a loan, fair on its face, is usurious, by showing the actual consideration, but the courts will look to the substance of the transaction and not resort to refined theories either for the purpose of sustaining or avoiding it.

USURY—INSTALLMENT NOTES—COMPUTATION OF INTEREST. An actual loan of $1,605, evidenced by 96 notes calling for monthly payments of $24.80, aggregating $2,380.80, if paid according to its terms, is not usurious, since the payments applied on the loan according to the ordinary rule of partial payments amount to interest at less than the maximum rate of twelve per cent per annum allowed by law.

USURY—ACCELERATING MATURITY—LIQUIDATED DAMAGES. Stipulations in a contract of loan accelerating maturity in case of default, do not make the loan usurious, even though the contract, if enforced according to the terms of the default, will result in a rate of interest greater than the legal rate; since the excess is regarded as liquidated damages.

USURY—OPTIONAL PAYMENTS—INCREASED INTEREST. A stipulation in a contract of loan authorizing the borrower to pay the same before maturity upon paying an advanced rate of interest in excess of the legal rate does not make the loan usurious; since such clause was not enforceable by the lender.

BILLS AND NOTES—PENALTIES — ENFORCEMENT — UNCONSCIONABLE PROVISIONS—USURIOUS INTEREST ON DEFAULT. Where an actual loan of $1,605, evidenced by 96 notes calling for monthly payments of $24.80, aggregating $2,380.80, resulting in interest at the rate of approximately 10.5 per cent if paid according to its terms, was by default accelerated and matured after payment of 24 installments, it would be unconscionable to enforce the contract according to the terms of the default, resulting in the payment of more than twelve per cent interest, the maximum allowed by law; and the just allowance would be 10.5 per cent on the principal sum both prior and subsequent to the default, with the attorney's fees and expenses stipulated for.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered April 20, 1914, upon find-

[1] Reported in 151 Pac. 792.

ings in favor of the defendants, in an action to foreclose a mortgage, tried to the court. Modified.

*Hadley, Hadley & Abbott, Thomas R. Waters,* and *W. J. Biggar,* for appellant.

*Craven & Greene,* for respondents.

FULLERTON, J.—On April 8, 1910, the respondents, Hector Gawley and Jessie M. Gawley, his wife, executed and delivered to the Home Loan Company, a corporation, then doing business in the city of Bellingham, their joint and several promissory notes, ninety-six in number, each providing for the payment to the Home Loan Company of the sum of $24.80. The notes were numbered from 1 to 96, inclusive, and were of like tenor and effect, save as to the time of maturity; the note numbered 1 maturing on the 8th day of the first following month, the note numbered 2 on the 8th day of the second following month, the note numbered 3 on the 8th day of the third following month, and so on for the remainder of the series. The terms of the several notes are sufficiently indicated by the terms of the first of the series, which we herewith set forth in full:

"(Note No. 1. Series No. 294.)
"Bellingham, Wash., April 8, 1910.

"On or before May 8, 1910, for value received, I promise to pay to the order of Home Loan Co. at its office, Bellingham, Wash., the sum of twenty-four 80-100 dollars, $24.80. With interest at the rate of one per cent per month from maturity until paid.

"For value received, each and every person signing or endorsing this note binds himself as a principal and not as a surety, waives presentment, demand, protest and notice of nonpayment thereof, and agrees that the time of payment may be extended; and further promises and agrees that if this note is placed in the hands of an attorney for collection after it becomes due, to pay a reasonable attorney's fee, whether the collection is made by suit or otherwise, which fee shall be payable when this note is so placed for collection, and this note being one of the series of notes as indicated by

the series number hereon, and on each of the 96 notes, the entire series shall become due and payable upon default of any one of said notes, and if an action is brought to foreclose the mortgage given to secure these notes, consents that a deficiency judgment may be rendered against him.

"A discount of 5 per cent per annum will be allowed for the unexpired time on any note paid before due.

"Hector Gawley,
"Jessie M. Gawley."

The notes were secured by a mortgage upon certain real property belonging to the makers of the notes. The mortgage recited that it was executed in consideration of the sum of $2,380.80, receipt of which was acknowledged, and was conditioned for the payment of the notes according to their tenor and effect. It was conditioned further to the effect that the mortgagors would keep the buildings on the mortgaged premises insured in a named sum, and in case of their failure so to do, that the mortgagee might insure the premises, whereupon the premiums paid for such insurance should become a lien upon the premises secured by the mortgage. It contained also a provision for a reasonable attorney's fee in case suit or action should be begun to foreclose the mortgage, and contained the usual accelerating clause to the effect that the whole of the sum should become due and payable in case of the failure of the mortgagors to pay any of such notes as they matured.

Subsequent to the execution of the notes and mortgage, the Cissna Loan Company, the appellant in this action, succeeded to the title and interest of the Home Loan Company in and to the same. Thereafter, by mutual agreement between the parties, the terms of the notes were changed so as to make the clause therein relating to the discount read: "All unearned interest will be deducted from any note paid before due;" the makers consenting thereto in writing.

The makers of the notes paid them down to and including the note numbered 21, which became due February 8, 1912, but defaulted as to the remainder. This action was begun

by the Cissna Loan Company, as plaintiff, against the makers of the notes and mortgage, as defendants, after the maturity of the note numbered 38, to recover upon the unpaid notes and to foreclose the mortgage. In its complaint the plaintiff set forth the notes and mortgage according to their terms and conditions, alleged that there was due thereon, at the time of the commencement of such proceedings, $1,604.40; that it had expended $14 in payment of insurance on the premises; that $175 was a reasonable sum to be allowed it as attorney's fees, and for these sums demanded judgment.

The principal defense was that of usury. The defendants' evidence tended to show that the notes and mortgage were executed in consideration of an actual loan of $1,600, which, they contended, if repaid according to the terms of the notes as they matured, or if recovery were permitted according to their terms in case of default in such payment, a rate of interest would be exacted for a loan or forbearance of money greater than twelve per centum per annum; the maximum rate of interest permitted by the statute.

The trial court found from the evidence that the actual amount of the loan was $1,605; and that the sum reserved as interest therein was less than twelve per centum per annum, if the notes were paid according to their tenor and effect as they fell due, but that, because of the accelerating clause therein permitting the recovery of the whole sum of principal and interest prior to maturity in case of a default in the payment of any one of them, the contract was usurious. The court also found that the penalties imposed by the statute exceeded the amount of the loan, and that the plaintiff was not entitled to recover any part of the unpaid balance thereof. Judgment was thereupon entered cancelling the obligation sued upon. This appeal is from the judgment so entered.

We agree with the trial court that, had the makers of the notes paid them as they matured, they would not have paid interest on the principal sum borrowed in excess of twelve per centum per annum for the time they had the use of such prin-

cipal sum. The respondents have, however, offered a number
of solutions of the mathematical problem involved which lead
to a contrary conclusion. But without entering into details,
we think the formulas employed in making the calculation in-
applicable. The contract of loan is not on its face usurious.
It is made to appear so, if it so appears at all, by showing
ulterior facts; by the showing that the actual consideration
for the contract was a loan or forbearance of money in a
sum less than the aggregate sum agreed to be repaid. Ul-
terior inquiry is thus permissible from the necessities of the
case, since otherwise usury would always be concealed in the
form of the contract, and the statute forbidding it thereby
rendered nugatory. Hence the courts, in determining whether
a particular transaction is usurious, disregard the form and
look to the substance of the transaction. But in so doing
they will not resort to refined theories, either for the purpose
of making the transaction usurious, or of relieving it from
usury. They will determine the time the borrower is to have
the use of the principal sum loaned, and ascertain whether
the interest reserved for such time exceeds the statutory rate.

Applying the principle to the present case, we find that the
case is, in essence, a loan of a given sum of money to be re-
turned in partial payments made at stated intervals in a given
amount. The solution of the problem is, therefore, found by
finding what per annum rate of interest will be paid on a
loan of $1,605 by the payment of $24.80 monthly for ninety-
six months; the payments to be applied on the loan accord-
ing to the ordinary rule of partial payments. Such an ascer-
tained rate will be found to be less than twelve per centum
per annum; it will be found that the sum reserved as interest
is equal to a rate per annum on the amount of the loan of be-
tween 10.5 per centum and 10.6 per centum per annum for
the time the borrowers are permitted to have the use of the
principal sum.

Since, therefore, the interest reserved does not exceed the
maximum statutory rate if paid according to the terms of the

contract of loan, it remains to inquire whether the accelerating clauses of the contract render it usurious. The usual test for the existence of usury is, will the contract, if performed, result in producing to the lender a rate of interest greater than the maximum rate permitted by the statute, and was such result intended. The courts generally hold that stipulations in the contract to the effect that default in the payment of interest, or of an installment of the principal, shall accelerate the maturity of the entire debt are not usurious, even though the contract, if enforced according to the terms of the default, will result in giving the lender a rate of interest greater than the maximum statutory rate. They regard the excessive rate after maturity as in the nature of liquidated damages or penalties, to be enforced only to the extent that they are not unconscionable. 39 Cyc. 953; *Crider v. San Antonio Real Estate, Building & Loan Ass'n*, 13 Tex. Civ. App. 399, 37 S. W. 237, 46 S. W. 863; *Taylor v. Buzard*, 114 Mo. App. 622, 90 S. W. 126; *Goodale v. Wallace*, 19 S. D. 405, 103 N. W. 651, 117 Am. St. 962; *Law Guarantee & Trust Society v. Hogue*, 37 Ore. 544, 62 Pac. 380, 63 Pac. 690; *Savannah Savings Bank v. Logan*, 99 Ga. 291, 25 S. E. 692; *Richardson v. Campbell*, 34 Neb. 181, 51 N. W. 753, 33 Am. St. 633.

Our own cases are to the same effect. In *Blake v. Yount*, 42 Wash. 101, 84 Pac. 625, 114 Am. St. 106, the action was upon a promissory note providing that, in case the interest accrued therein was not paid when due, the amount thereof should be added to the principal and the whole thereof, both interest and principal, should bear interest thereafter at the maximum rate permitted by statute. The defense was usury, but the court held the note not to be usurious, using the following language:

"Wherever the debtor by the terms of the contract can avoid the payment of the larger by the payment of the smaller sum at an earlier date, the contract is not usurious but additional, and the larger sum becomes a mere penalty.

The rule is stated in 29 Am. & Eng. Ency. Law (2d ed.), 507, as follows:

" 'Stipulations to the effect that if the debt be not paid at maturity it shall draw interest thereafter at a rate greater than the statutory limit are now generally regarded as penalties to induce prompt payment, and as the debtor has it in his power to avoid paying the penalty by discharging the debt when due, such agreements are held to be free from usury.' "

See, also, *Krutz v. Robbins*, 12 Wash. 7, 40 Pac. 415, 50 Am. St. 871, 28 L. R. A. 676; *Thomson v. Koch*, 62 Wash. 438, 113 Pac. 1110.

Tested by these rules, the notes are not usurious for the reason assigned by the respondents. The lender cannot, by the terms of the notes, exact from the borrowers, of his own volition, a greater rate of interest than the maximum rate permitted by the statute. This right, if it accrues to it at all, accrues by reason of the default of the borrowers, and this we hold, as we believe with the weight of authority, cannot make a contract illegal which would otherwise be legal if performed by the borrowers. As was said in *Crider v. San Antonio Real Estate, Building & Loan Ass'n, supra:*

"It is on the assumption that contracts will be performed according to their stipulations by the parties to them, and not upon the supposition that they will be violated, their legality should be determined. It would be an anomaly to make the violation of a contract the test of its legality; to say to a party, 'If you perform your agreement according to its terms, it is valid and meets all the requirements of the law; but if you fail to observe its provisions, it *ipso facto* becomes illegal.' This would place it in the power of one by a breach of a legal agreement by his own wrong to avoid its performance and to visit the punishment due his own iniquity upon him whose rights he has violated. The party who violated his contract alone should suffer and be held liable for the consequences of its violation."

But the trial court seems to have rested its decision in part on the fact that the notes were payable before maturity at

the option of the borrowers, at an advanced rate of interest
which would render them usurious if so paid. But we cannot
think this fact justifies the conclusion that the notes are
usurious. Such a payment would be voluntary on the part of
the borrowers. They were in no way obligated to pay the
loan before·maturity. The agreement was thus in the nature
of a penalty which the lender exacted for the privilege of pay-
ing before maturity. Not being capable of enforcement by
him, it was not usurious. As was said in *Eldred v. Hart*, 87
Ark. 534, 113 S. W. 213:

"In the present case Hart had the option to let the loan
run for the entire period of five years; and if he had done so,
the undisputed facts show that he would have paid eight per
cent. interest. The parties had the right, when the contract
was made, to divide up the payments for interest to suit their
own convenience, and to have separate obligations given for
all or any part of it.

"This seems to have been the plan adopted. If Hart had
let the loan run for the full period of five years, he does not
claim that he would have paid more than eight per cent. in-
terest. He could not have been compelled to have paid it
before that time. He did not obligate himself to do so. He
only obligated himself to pay the interest as it accrued be-
fore the principal sum fell due. So then it is undisputed that
by the terms of the contract, as it could have been enforced
against him, it was not affected with usury. The payment
made by appellee Hart was voluntary, and was in the exercise
of an option given him by the contract.

"Where a debt, including both principal and interest and
due by installments, if paid according to the terms of the con-
tract, is free from usury, the transaction is not rendered
usurious by the voluntary payment of the debt in full before
some of the installments matured, although as a result the
creditor would receive, in the aggregate, a sum amounting
to more than the principal and the maximum legal rate of in-
terest."

The foregoing considerations require a reversal of the judg-
ment entered in the trial court. We think, however, that it
would be unconscionable to enforce the contract according to

the terms provided therein in case of a breach of the conditions. But, since the parties contracted for a rate of interest on the principal loan approximating 10.5 per centum per annum, it would be but just to allow interest on the principal sum of the loan at that rate, both prior and subsequent to the default. The lender also paid, on behalf of the respondents, the sum of $14 in premiums for insurance on the mortgaged premises, and this sum should be added to the principal sum and draw interest at a like rate.

Making application of the rule, we find that there was due on the principal sum borrowed, after the payment of the note numbered 21, namely, on January 28, 1912, the sum of $1,-358.20, adding to this the insurance premium of $14 makes a total of $1,372.20. We also find that a reasonable attorney fee to be allowed the plaintiff is the amount demanded in the complaint, namely, $175.

The judgment appealed from is therefore reversed, and the cause remanded with instructions to enter in favor of the plaintiff and against the defendants the usual judgment and decree of foreclosure in the sum of $1,372.20, with simple interest thereon at the rate of 10.5 per centum per annum from January 8, 1912, together with an attorney fee of $175.

MORRIS, C. J., ELLIS, and MAIN, JJ., concur.