**ARMSTRONG v. ALLIANCE TRUST CO., Limited, et al.**

No. 8223.

Circuit Court of Appeals, Fifth Circuit.

Feb. 16, 1937.

Rehearing Denied March 5, 1937.

Geo. W. Armstrong, of Natchez, Miss., for appellant.

W. A. Percy and H. P. Farish, both of Greenville, Miss., for appellees.

Before SIBLEY and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant sued in equity to cancel, as paid, certain deeds of trust made to secure his notes and for a recovery of overpayments. The notes were made in 1919, and the last of them matured in 1930. The theory of the bill is that the transaction of loan was usurious and otherwise violative of law, so that payments already made are to be so dealt with as to justify the relief sought, although the notes according to their terms show a large amount still un-

paid. He had sought relief by a composition in bankruptcy under Bankruptcy Act, § 74, as added by Act March 3, 1933, § 1, 47 Stat. 1467, but was opposed by appellee, the payee and holder of these notes, which were thereupon attacked for usury in the bankruptcy court. By consent the certificate of the referee of the evidence taken before him on the issue was ordered to be treated in this equity case as the report of a master. The judge as chancellor made findings of fact and conclusions of law that there was no usury in or other deduction to be made from the debt, and dismissed the bill.

■ One question is whether the law of Texas or of Mississippi is to be applied, appellant contending for the law of Texas as being the place of contract. As we understand the record, the appellant when he borrowed the money claimed his citizenship in Texas and resided there part of each year, but carried on his business at Natchez, Miss., where also he resided part of the year. From Natchez he applied in writing to brokers in Memphis, Tenn., for a loan on his plantation in Mississippi, giving his address as Natchez, Miss., and Fort Worth, Tex. The Tennessee brokers procured the loan from a corporate lender in Dundee, Scotland. The notes and loan deed were sent to Fort Worth, Tex., where they were executed, but the notes were all payable at the brokers' office in Memphis, Tenn., and the deed contained this agreement: "The property herein described being located in the State of Mississippi, this deed of trust and the notes and indebtedness hereby secured shall without regard to the place of contract or of payment be construed and enforced according to the laws of Mississippi where the money loaned is to be used, and with reference to the laws of which State the parties to this agreement are now contracting." There is no allegation or evidence that there was a plan to evade the usury laws of any State, and the quoted agreement must be taken as truly expressing the wish and agreement of the parties. Without it, although the papers were signed in Texas and the security was Mississippi land, the notes being payable in Tennessee the laws of Tennessee would normally have been looked to as fixing interest and usury. Smith v. Western & Southern Life Ins. Co. (C.C. A.) 87 F.(2d) 839. The question here is whether the express agreement of the parties to be governed by the laws of Mississippi controls. Such an agreement contractually adopts the law selected and ought to control as the will of the parties unless forbidden by some statute or public policy that would otherwise govern. Pinney v. Nelson, 183 U.S. 144, 22 S.Ct. 52, 46 L.Ed. 125; Mutual Life Ins. Co. v. Hill, 193 U.S. 551, 24 S.Ct. 538, 48 L.Ed. 788. On the very question of interest and usury it is held that the parties may agree to borrow under the law where payment is to be made, Coghlan v. South Carolina R. Co., 142 U.S. 101, 109, 12 S.Ct. 150, 35 L. Ed. 951; or at the place of contract, Miller v. Tiffany, 1 Wall. 298, 17 L.Ed. 540; or where the lender resides and does business, Seeman v. Philadelphia Warehouse Co., 274 U.S. 403, 47 S.Ct. 626, 628, 71 L.Ed. 1123. See also Castleman v. Canal Bank, 171 Miss. 291, 156 So. 648. In the Seeman Case the right of free choice is said to be qualified "merely to prevent the evasion or avoidance at will of the usury law otherwise applicable, by the parties' entering into the contract or stipulating for its performance at a place which has *no normal relation* to the transaction and to whose law they would not otherwise be subject." The court quoted with approval Wharton, Conflict of Laws, § 510 (o): "Assuming that their real, *bona fide* intention was to fix the situs of the contract at a certain place which has a *natural and vital connection* with the transaction, the fact that they were actuated in so doing by an intention to obtain a higher rate of interest than is allowable by the situs of some of the other elements of the transaction does not prevent the application of the law allowing the higher rate." That appellant conducted his business in Mississippi, lived there part of the time, was to use the borrowed money there, and was putting his Mississippi lands up as the security gives a normal and natural basis for choosing the Mississippi law to govern the contract. As to the rate of interest, 8 per cent. is the limit in Mississippi, while 10 per cent. is in Texas, so a choice of situs to exact more interest could not have been in the lender's mind at all.

■ The peculiarity of the Texas law in treating a possible acceleration of interest notes as potential usury though it never happened is referred to in Smith v. Western & Southern Life Ins. Co., supra. That view has not been declared in Mississippi, where the intimations seem otherwise. Chandlee v. Tharp, 161 Miss. 623, 137 So.

540, 78 A.L.R. 445. If the interest is not included in the principal of the note nor taken out in advance, but at a lawful rate is represented by coupons, a provision for acceleration on default ought to be held not to show an intent to exact usury but rather that the coupons for unearned interest shall not be collected because their consideration has wholly failed. An additional reason is sometimes given that the debtor could avoid acceleration by keeping his engagements. 66 C.J., Usury, §§ 117, 126; 27 R.C. L., Usury, 234. See notes, 84 A.L.R. 1283; 100 A.L.R. 1431. If the unmatured coupons have been transferred to an innocent holder for value, so that the lender has thereby collected in advance the interest represented by them, an element is introduced not necessary to be here considered, for appellant got the full amount of his principal and gave the lender annual coupon notes for only 6%, which the lender still holds. He also gave the brokers annual notes for an additional 1½ per cent. and secured them with a second deed on the same land which secured the lender's notes, both deeds containing a clause that on default "the whole amount of such indebtedness shall at the option of the third party (the lender) or assigns * * * become due and collectible either by suit or otherwise." We are of opinion that the lender could not by acceleration collect as "indebtedness" more than earned interest, not having sold any of the coupons. The series of broker's notes do not purport to be for additional interest and are found, as we understand the record, to be a brokerage fee for negotiating the loan in which the lender had no part. These brokerage notes were subsequently pledged to the lender by the brokers as a security and later sold to it, but this did not affect their character. But if they be taken to be additional interest, the aggregate rate is only 7½ per cent., 8 per cent. being the limit, and there is not enough in this record to show that by acceleration an unlawful interest was to be collected rather than a defeat of those notes not matured as in the case of the 6 per cent. coupons. Usury cannot be assumed; the presumption is against it. Lubbock Hotel Co. v. Guaranty Bank (C.C.A.) 77 F.(2d) 152. It is argued that acceleration might be unavoidably incurred because of the covenant to

keep the property insured in an amount and by an insurer approved by the trustee in the loan deed, if the borrower could not obtain that approval. No such situation arose, nor is it to be supposed that the trustee would act unreasonably; and if he did a court of equity could control him. The objection is farfetched.

■ There is a covenant by the borrower in the loan deed "to pay all taxes and assessments levied upon the interests of the second or third party hereto (trustee and lender) in said premises or upon this deed of trust or the notes hereby secured while held by a nonresident of the State of Mississippi, to the extent that said payment may be legally made. If such payment by the party of the first part (borrower) cannot be legally made the party of the third part may at his option without notice declare the whole of the debt hereby secured due and payable." No contract for usury results from this stipulation. Under no view of the evidence was more than 7½ per cent. to be paid as interest. If any taxes which the borrower does not owe were assumed by him, it does not appear that they would or did increase his burden beyond the maximum lawful rate of interest. We held in Robertson Banking Co. v. Chamberlain (C.C.A.) 228 F. 500, that a borrower could lawfully promise to pay a tax on the mortgage in addition to the maximum rate of interest, following in that Alabama case the Alabama rule. Decisions in other States are not harmonious. See notes, 21 A.L.R. 880, 883; 105 A.L.R. 812. We judicially know that no property taxes are due in Mississippi on notes owned by a nonresident of the State. State of Mississippi v. Smith, 68 Miss. 79, 8 So. 294; Adams v. Mortgage Co., 82 Miss. 263, 34 So. 482, 17 L.R.A.(N.S.) 138, 100 Am.St. Rep. 633. But at last under the quoted provision of the deed the borrower does not promise to pay any of the taxes it mentions if the exaction be not legal for any reason including usury. The agreement on its face is to that effect. In such case an option would arise in the lender to close out the loan by acceleration, but again we think that all that would be collectible "as the debt hereby secured" would be the principal and earned interest.

■ Lastly, it is urged that section 1947 of Mississippi Code of 1930 * forfeits

---

* "If any person shall lend to another any sum of money and take any note or evidence of debt which shall stipulate a rate of interest not greater than six per centum per annum after the date or after maturity, but who shall in fact

all interest and authorizes recovery of that paid. The notes which the lender took here on their face did stipulate for only 6 per cent. interest. We have not found clearly disclosed in this record any item in addition which was by the lender contracted for or charged or collected as consideration for or as the result of the loan. But for a broader reason section 1947 does not apply. It is not a part of the usury laws but of the tax laws of the State. These purport to tax "securities or other intangible property subject to taxation under the laws of the state." Code 1930, § 3137. But by section 3108 notes and evidences of indebtedness bearing a rate of interest not greater than 6 per cent. per annum are exempt from taxation. Section 1947 is taken from chapter 137 of the Acts of 1914, entitled: "An Act to prohibit an evasion of the law exempting from taxation money loaned at a rate of interest not greater than six percent per annum * * * and to provide a penalty for such evasion." That this is its purpose is recognized in Beck v. Tucker, 147 Miss. 401, 113 So. 209, and Gully v. Gulf Coast Industrial Loan Co., 168 Miss. 768, 151 So. 754. Now since this lender was always a nonresident of Mississippi, its notes were not within the tax laws of Mississippi. Mississippi v. Smith, Adams v. Mortgage Co., supra. It could, therefore, not be guilty of evading them or suffer a penalty therefor, if indeed a court of equity would enforce penalties.

The judgment dismissing the bill is affirmed.

contract for, charge, collect or receive as compensation or consideration for, or as the result of, such loan, directly or indirectly, a sum of money in excess of six per centum per annum from the date of the loan, or a sum of money when taken with the interest contracted for, is in excess of six per centum per annum from the date of the loan, such person shall forfeit all interest, and if the interest shall have been paid, same may be recovered by suit."