C. FRED REICHWEIN, JR., *et ux. vs.* FRANCIS KIRSCHENBAUM *et al.*

JUNE 25, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

JOSLIN, J.  This is an action of the case to recover money paid to the defendants under an alleged usurious loan agreement in violation of G. L. 1956, chap. 26 of title 6. The case is here on the single exception of the plaintiffs to the decision of a justice of the superior court sustaining a demurrer to the second amended declaration on three of its ten grounds.

The declaration alleges in detail the financial transaction between the parties and incorporates by reference the promissory note which formed the basis of the loan made by defendants to plaintiffs. That note which was in the amount of $15,390 was payable in equal installments commencing one month after date and continuing monthly thereafter until paid in full. It contained no provision entitling or otherwise granting the makers a privilege of prepayment. Of the face amount, $10,700 was actually received by plaintiffs, the borrowers, and of the balance $4,590 constituted an "add-on charge" or interest computed in advance over the term of the loan and $100 was for defendants' legal and other fees which were charged to plaintiffs. The plaintiffs paid three regular monthly installments and in the fourth month discharged their obligation by a final payment of $11,300. The total of $12,074.50 thus paid included an interest charge which, although computed at a rate not in excess of the permitted maximum for the period dating from the advancement of the funds until the time stipulated for the final installment payment, concededly exceeded the amount defendants were entitled to charge for the interval between that advance and the satisfaction of the loan. This excess, plaintiffs claim, makes the agreement, although apparently not usurious on its face, actually

an usurious transaction which entitled them under G. L. 1956, §6-26-4, to recover all the payments made to defendants.

Initially we inquire whether the final payment on the note should be considered as having been voluntarily made by plaintiffs, or whether it should be construed as having been induced by action of defendants and therefore involuntary.

The declaration contains no allegation indicating whether the prepayment was made by plaintiffs at the insistence of defendants because of a breach of the conditions of the loan, or whether it was made by plaintiffs of their own volition and without compulsion from defendants. Their failure to set forth the facts material to their case on this issue makes it necessary for us to determine the nature of the omissions. In such circumstances when passing on a demurrer we take the intendments of a declaration most strongly against the pleader and assume that unstated essential facts are adverse to him. This is so because it is presumed that a party will set forth all the facts upon which he bases his case as favorably to himself as in good conscience he can. *Cushman* v. *Cloverland Coal & Mining Co.*, 170 Ind. 402; *Schwartz* v. *Manufacturers' Casualty Ins. Co.*, 335 Pa. 130; 41 Am. Jur., Pleading, §66, p. 335.

It necessarily follows, therefore, that in determining the sufficiency of this declaration we must presume that the prepayment by plaintiffs in discharge of their obligation was not made under coercion or duress, but was voluntary. To presume otherwise would be to indulge plaintiffs and construe their declaration most favorably to them, for if the prepayment were involuntary defendants concede that the declaration would state a good cause of action.

This brings us to the substantial question of whether a loan contract otherwise free from usury and containing no option in the borrowers to anticipate payment is rendered

usurious if as a result of a voluntary prepayment the lender receives for interest a sum greater than the maximum allowed by statute.

The plaintiffs have called no authorities to our attention nor have we been able to find any as a result of our own research where that question has been answered affirmatively. Indeed, if not universally, at least by the great weight of authority, it is held that a debtor by his voluntary act cannot render usurious that which but for such act would be free from usury. See Anno., 130 A.L.R. 73; 75 A.L.R.2d 1265. 55 Am. Jur., Usury, §47, p. 359.

The rationale upon which this conclusion is reached is cogent and should not without compelling reason therefor be disregarded. It is premised upon the right of a lender who has bargained to let his money out over an agreed period of time to be compensated by a borrower who for his own advantage seeks and is granted the privilege of prepayment, a privilege not otherwise his. Such a prepayment the authorities treat as a charge made for a new and separate agreement in termination of an indebtedness and not as consideration for the making of a loan or of a forbearance for money. So construed, it is not a payment of interest and cannot therefore serve as a basis for a claim of usury. *McCarty* v. *Mellinkoff*, 118 Cal. App. 11; *Atlantic Life Ins. Co.* v. *Wolf*, D. C. Mun. App., 54 A.2d 641; *Hamilton* v. *Kentucky Title Sav. Bank & Trust Co.*, 159 Ky. 680; *Feldman* v. *Kings Highway Sav. Bank*, 278 N. Y. App. Div. 589, aff'd 303 N. Y. 675; *Smithwick* v. *Whitley*, 152 N. C. 366.

Although we have not heretofore passed on the precise question, we did in *Luchesi* v. *Capitol Loan & Finance Co.*, 83 R. I. 151, 155, clearly indicate our approval of what we have here referred to as being the rule when we said: "The law appears to be settled in other jurisdictions that where a purchaser voluntarily negotiates a settlement in advance, as in the case at bar, even though the settlement results in the payment of an amount in excess of the legal

rate of interest, it does not violate the statutes against usury."

The plaintiffs, however, dismiss that statement as being dicta arguing that in *Luchesi* we considered a conditional sales agreement and not a loan transaction, and they further contend that the precedents referred to there as well as here should not be relied on because in each instance the usury statutes construed differed from our own. They rely on §6-26-2, which in pertinent part provides:

> "No person * * * except duly licensed pawnbrokers and persons licensed under the provisions of chapter 25 of title 19, shall, directly or indirectly, reserve, charge or take interest on such loan, *whether before or after maturity*, at such a rate, or reserve, charge or take compensation for services or *expenses incidental to the* making, negotiation or *collection of such loan*, in such an amount, that the total of one year's interest, reckoned at the rate so reserved, charged or taken, and of all such compensation * * * shall exceed thirty per cent (30%) of the amount actually received by the borrower, on all amounts exceeding fifty dollars ($50.00) * * *." (italics ours)

They contend that the words "whether before or after maturity" make our statute unique and in their brief they construe that phrase as prohibiting the "reserving, charging or taking of interest in excess of 30% per annum, whether by contract or by any other device, at any time during the life of the loan transaction." Stated otherwise, they urge that the statute properly construed prohibits a lender from charging for the right to exercise a privilege of prepayment a sum greater than the maximum interest which could have been collected from the borrower for the period during which he had the use of the borrowed funds.

We cannot agree that the portion of the statute relied upon should be construed as plaintiffs suggest. In our opinion the legislative concern was with those agreements

where it is provided that a debtor who does not pay his obligation by maturity shall thereafter pay a rate of interest in excess of the permitted maximum. Under the prevailing view such a postmaturity charge does not render that type of contract usurious so long as the parties act in good faith and without intention to evade the usury laws. 55 Am. Jur., Usury, §45, p. 356. It was to insure the applicability of our usury statutes to these transactions which was within the contemplation of the legislature and motivated the inclusion in the statute of the words "whether before or after maturity." By this means the legislature clearly evinced an intention to protect a borrower from paying and a lender from exacting a legally excessive rate of interest on obligations not met by a debtor on or before maturity. The construction of the statute urged by plaintiffs, lacking as it is in merit, is no warrant for a departure from the rule that an otherwise legal transaction is not rendered usurious by a voluntary payment in discharge thereof prior to maturity, even though as a result the creditor may receive in the aggregate a sum greater than the principal and the maximum rate of interest.

The plaintiffs also contend that the portion of the statute which inhibits the charging or taking of compensation in excess of the permitted maximum "for services or expenses incidental to the * * * collection of such loan" makes this transaction usurious. In our opinion that contention is clearly without merit. The language relied on has no application to a sum agreed upon as a condition for allowing a voluntary prepayment. It is referable rather to the requirement that there be included in the computation of interest those charges against the borrower incident to the collection of obligations. Such charges include, by way of example, fees which a borrower may by his agreement be required to pay if the loan is referred to an attorney for collection.

346

The plaintiffs' exception to the decision sustaining the demurrer is overruled, and the case is remitted to the superior court for further proceedings.

*Factor, Chernick & Hillman, William C. Hillman, Gunning & LaFazia, V. James Santaniello,* for plaintiffs.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for defendants.