318 A.2d 452.

INDUSTRIAL NATIONAL BANK OF RHODE ISLAND *vs.*
CHARLES STUARD *et al.*

APRIL 25, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is an action on a promissory note executed
by Charles F., Harriet M., Marie G. and Gregory R. Stuard
(Stuards) to the Industrial National Bank of Rhode Island
(Industrial) on December 17, 1970, in the amount of
$3,600, payable over a period of 36 months in monthly in-
stallments of $100 due on the 17th day of each month. The
Stuards received actual cash in the amount of $2,881.14,
and the balance of $718.86 represented Industrial's finance
charge of 15.09 percent per annum for the full three-year
term of the note. The Stuards made six payments of $100
each from February 4, 1971 through July 8, 1971. They then

defaulted in making further payments in accordance with the terms of the note.

Pursuant to a clause in the note giving the holder the election to declare the entire amount of the note due and payable if any installment was not paid in full when due, Industrial filed a complaint against the Stuards on October 18, 1971, in the District Court, Sixth Division, to collect the balance due on the note, $3,000, plus reasonable attorney's fees and costs as provided in the note. The Stuards denied the allegations in the complaint, alleged that the note was usurious, and asked that the note be declared null and void. After a trial, judgment was entered for defendants. The plaintiff appealed to the Superior Court. After a trial without a jury, the trial justice found that the note was not usurious, and entered judgment for Industrial in the amount of $3,000 plus $750 for attorney's fees plus interest and costs. The defendants then seasonably prosecuted this appeal from the judgment on questions of law, the facts not being in dispute.

When this note was executed on December 17, 1970, in the face amount of $3,600, the makers received $2,881.14 as proceeds. It is upon this latter amount that usury is determined. General Laws 1956 (1969 Reenactment) §6-26-2. To liquidate a loan of $2,881.14 in 36 equal monthly payments, with interest at the statutory maximum of 21 percent per year, would require a monthly payment of $108.55, including a total interest payment of $1,026.66. *Financial Compound & Annuity Tables*, 511 (1947). This interest figure is $307.80 more than the $718.86 the makers agreed to pay for the use of the same amount for the same period. It is thus clear that the note called for 15.09 percent interest per year, or 5.91 percent less than the permitted maximum of 21 percent per year, and was not usurious on its face when executed.

Upon default of the makers after paying $600, Industrial

demanded payment of the remainder of the note, $3,000, on October 18, 1971. By so doing, Industrial demanded the full 36 months' interest of $718.86, although only ten months and one day had elpased from the making of the note. If the note had allowed the maximum interest rate of 21 percent when executed, the most that could have been charged from the date of the making, December 17, 1970, to the date of demand, October 18, 1971, would have been $483.82, or $235.04 less than the amount of interest demanded by the bank. The defendants contend that this demand for the excess makes the agreement, although not usurious on its face, actually a usurious transaction in violation of §6-26-2.

This set of circumstances presents us with the issue of whether the inclusion in a promissory note of a provision that upon default in payment of an installment when due, the entire unpaid amount of the note including interest for the whole term shall become due and payable at the election of the holder of the note, renders the note usurious because it will result in giving the holder a rate of interest greater than the maximum of 21 percent allowed by §6-26-2 if it is enforced according to its terms.

This court has never before considered this issue of an acceleration clause. In *Reichwein* v. *Kirschenbaum*, 98 R. I. 340, 201 A.2d 918 (1964), we held that a loan contract otherwise free from usury and containing no option for the borrowers to anticipate payment is not rendered usurious as a result of a voluntary prepayment which allowed the lender to receive for interest a sum greater than the maximum allowed by statute. In *Marley* v. *Consolidated Mortgage Co.*, 102 R. I. 200, 229 A.2d 608 (1967), this court held that an option to voluntarily prepay and a simultaneously executed promissory note containing a provision against prepayment were separate and distinct agreements, the former being executory and the latter being executed. We con-

cluded that, as such, the provisions of §6-26-2 did not apply to the simultaneously given prepayment option which did not call for a sum greater than that which the maker was obligated to pay if the loan had run to maturity.

However, the instant case is not a *Marley* or *Reichwein* situation, but is a case where the payment is involuntary, and on that issue the vast majority of cases from other jurisdictions have held that the inclusion in a promissory note of such an acceleration provision does not render the note usurious, even though the note, if enforced according to the terms of the acceleration clause, will result in giving the holder a rate of interest greater than the maximum allowed by statute. *Armstrong* v. *Alliance Trust Co.,* 88 F.2d 449 (5th Cir. 1937); *Small* v. *Ellis,* 90 Ariz. 194, 367 P.2d 234 (1961); *Easton* v. *Butterfield Live Stock Co.,* 48 Idaho 153, 279 P. 716 (1929); *Sager* v. *American Investment Co.,* 170 Ark. 568, 280 S.W. 654 (1926); *Garland* v. *Union Trust Co.,* 63 Okla. 243, 165 P. 197 (1917); *Cissna Loan Co.* v. *Gawley,* 87 Wash. 438, 151 P. 792 (1915); *Goodale* v. *Wallace,* 19 S. D. 405, 103 N.W. 651 (1905). We agree.

This holding is based on the general rule that usury is determined by the terms of the note at the time of its execution, and that a debtor by his voluntary act cannot render usurious that which but for such act would be free from usury. *Nichols* v. *Fearson,* 32 U. S. (7 Peter's) 103, 8 L.Ed. 623 (1833); *Reichwein* v. *Kirschenbaum, supra.*

More specifically,

> "It is on the assumption that contracts will be performed according to their stipulations by the parties to them, and not upon the supposition that they will be violated, their legality should be determined. It would be an anomaly to make the violation of a contract the test of its legality; to say to a party; 'If you perform your agreement according to its terms, it is valid and meets all the requirements of the law; but if you fail to observe its provisions, it ipso facto becomes illegal.'

This would place it in the power of one by a breach of a legal agreement by his own wrong to avoid its performance and to visit the punishment due his own iniquity upon him whose rights he has violated. The party who violated his contract alone should suffer and be held liable for the consequences of its violation.

"Where by the terms of the contract payment by the time certain may avoid usury, the contract is not usurious . . ."

*Crider* v. *San Antonio Real Estate Building & Loan Ass'n*, 13 Tex. Civ. App. 399, 401, 37 S.W. 237, 238 (1896), *aff'd* 89 Tex. 597, 35 S.W. 1047 (1896), cited with approval in *Cissna Loan Co.* v. *Gawley, supra.*

The defendants urge the minority view that an acceleration clause in a promissory note which, when exercised, results in the holder's receiving a rate of interest greater than the maximum permitted by law renders the note usurious. In support, they cite *Shropshire* v. *Commerce Farm Credit Co.*, 120 Tex. 400, 30 S.W.2d 282 (1930), which held that a contract permitting acceleration of maturity at the creditor's option upon failure of the debtor to discharge annual installments of interest was usurious.

*Shropshire* is specifically based upon the Texas usury statute, now Vernon's Tex. Civ. Stat. Art. 5069-1.01, which defines interest as "the compensation allowed by law for the use or forbearance or detention of money." This final element is unique to the Texas statute. The Supreme Court of Texas has specifically recognized that "[t]he authorities seem to be practically unanimous in upholding the legality of such a stipulation. But we think our statute has made a different rule." *Parks* v. *Lubbock*, 92 Tex. 635, 637, 51 S.W. 322, 323 (1899), relied upon heavily in *Shropshire*. The *Shropshire* holding has been described and rejected as a "peculiarity of the Texas Law." *Armstrong* v. *Alliance Trust Co.*, 88 F.2d 449, 451 (5th Cir. 1937).

The *Shropshire* decision is therefore no warrant for a

departure from the general rule, which we adopt, that the full amount of interest included in the note may be awarded and that the ·inclusion of an acceleration provision in an otherwise legal promissory note does not render the note usurious even though it will result in giving the holder a rate ·of interest greater than the maximum allowed by statute if it is enforced according to its terms.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court for further proceedings.

*Monti & Monti, A. David Tammelleo, Strauss, Factor, Chernick & Hillman Professional Corporation, William C. Hillman,* as amicus curiae, for plaintiff.

*David Hassenfeld,* for defendants.