GEORGE F. JACKSON and Wife *vs.* JOHN F. TRAVIS and others.

February 4, 1890.

Usury—Knowledge of Intent.—To charge one with usury he must know of and be a party to the intent to violate the law against usury.

Same—Innocent Purchaser.—J. executed a note and mortgage to T., there being no consideration between them; the purpose being that T., in or-der to raise money for J., should negotiate them as his own on the best terms he could obtain. T. sold and transferred them, at a discount greater than the rate of interest allowed by law on loans, to R. & G., who did not know that T. was not the owner of them. *Held*, that there was no usury between J. and T.; also that as R. & G. intended to make, and in good faith supposed they were making, a purchase and not a loan, and did not know the real nature of the transaction between J. and T., there was no usury as to them.

Appeal by plaintiffs from a judgment of the district court for Hennepin county, when the action was tried by *Smith*, J.

*Pierce, Arctander & Nickell*, for appellants.

*Cross, Carleton & Cross*, for respondents.

GILFILLAN, C. J.    This is an action to cancel a certain note and a mortgage of real estate to secure it, (the note executed by the plaintiff George, and the mortgage by both plaintiffs, to the defendant Travis, and by him transferred to the other defendants,) on the ground that they are usurious.    The court below found as facts, and the evidence justifies the findings, in substance that the note and the mortgage in question, with two other mortgages given in terms to secure the note, the defendant Travis being named as payee in the note and mortgagee in the mortgages, were executed without any consideration passing at the time of their execution, in order that, for the purpose of raising money for plaintiff George, the said defendant might negotiate them as his own on the best terms that he could obtain; and Travis afterwards sold and transferred the note and mortgages to the other defendants for $6,500, the note and mortgages being for $7,500.    Neither of said other defendants knew that Travis did not own the note and mortgages.

As, in order to constitute usury, there must be a "loan or for-bearance," it is manifest that there could be none in the transaction between plaintiff and Travis. While held by Travis, the note and mortgages were not usurious. To make them usurious they must be so by reason of the transaction between Travis and the other defend-ants. If that was in substance and effect a loan of money to plain-tiff then it was usurious. The courts will in such cases get at the real nature of a transaction, no matter what form the parties may give it, and no matter what devices they may resort to for the purpose of covering up or concealing its true character. It is not necessary that both parties to the transaction should know of and be parties to such devices and the attempt to evade the law. *Lukens* v. *Hazlett*, **37** Minn. 441, (35 N. W. Rep. 265.) But it is necessary that the party upon whom its penalties are to be imposed should know of and be party to the intent to violate it. If the assumed borrower might set up his own device and secret intent to evade the law against usury, to give the transaction a character different from what the other party in good faith supposed and intended it to be, and thus be enabled to avoid his own engagements, he would be taking advantage of his own wrong.

On the findings of fact there is no question that the transaction between Travis and the other defendants was not a loan, but was the purchase by the latter of securities held and apparently owned by the former. The latter in good faith supposed they were making a purchase and not a loan, and they had a right so to suppose, and they did not intend anything else. Had they known the real char-acter of the transaction between plaintiff and Travis, and that the latter, in offering to sell the ostensible securities, was acting as the agent of the former,—in other words, had they known that they were dealing with the maker of the securities,—it might then have been regarded as a loan., The case would then have been similar to *Tiedemann* v. *Ackerman*, 16 Hun, 307, as, from the statement of them, we understand the facts of that case. For in that case the party charged with usury made the ostensible purchase, not from the payee in the securities, but from the maker of them, and must have known that they had no operation unless by virtue of such purchase;

that all the maker received as a consideration to support them was what was paid him on the ostensible purchase.

To charge these defendants with usury it would be necessary to change them into lenders, contrary to what they supposed and intended, and to hold that they dealt with plaintiff, when they intended to deal only with Travis, and supposed they were doing so. There having been no usury as between plaintiff and Travis, the principles of *estoppel*, so far as the question of usury is concerned, have no application to the case. If plaintiff made Travis his agent to sell the securities as his own, an estoppel as to their validity and the sufficiency of a consideration to support them, might arise upon what was done and said by him within the scope of his authority.

Judgment affirmed.