DETERMINED IN THE

# SUPREME COURT

OF THE STATE OF NEW MEXICO

## JANUARY TERM, 1923

[No. 2830.   June 30, 1923.]

### AMERICAN INV. CO. v. LYONS

SYLLABUS BY THE COURT

1.   Where the interest charged upon a loan does not exceed what the interest thereon would total at the rate of 10 per cent. per annum, computed upon the basis of the time such loan is to extend, it is not usurious, even though the payments thereof are so divided that during the first 4 years of a 10-year loan each annual sum required exceeds 10 per cent. of the face of such loan.

2.   An intent to charge or exact interest at a prohibited rate is necessary to constitute usury.

3.   Parties cannot, upon appeal, change their contentions, shift their positions, nor advance new and different theories from those made and advanced in the trial court.

Appeal from District Court, Union County; Leib, Judge.

Action by the American Investment Company against Samuel W. Lyons.   From a judgment for defendant, plaintiff appeals.   Affirmed.

O. T. Toombs, of Clayton, for appellant.

The contracts of mortgage, both admittedly being one single transaction, are usurious, and in derrogation of Chapter 162 of the Session Laws of 1919.   A standard accepted definition is found in 22 Cyc. 1469 and 15 R. C. L. 3.

The rule of partial payments is the proper rule to apply in ascertaining the actual rate charged. Cissna Loan Co. v. Gawley, L. R. A. 1916B 810; Bean v. Rumrill, 172 Pac. 452; McCarthy v. Liberty Nat. Bank, 175 Pac. 940.

We find some very interesting history of, and comment upon such interest, by Chancellor Kent, as well as the general rule upon that subject in 15 R. C. L. page 36. See also Loganville Banking Co. v. Forrester, 84 S. E. 961 and note in L. R. A. 1915D 1197.

Appellee also probably violated Sec. 1806 of the 1915 Codification.

The contracts of mortgage are against public policy and void. 6 R. C. L. 707 and 114; 9 Cyc. 481; Brooks v. Cooper, 35 A. S. R. 793; Tarbell v. Railroad, 87 A. S. R. 735.

Relative to the "clean hands" maxim and its effect as to contracts see Pomroy's Equity Jurisprudence 2nd Ed. Vol. 1, 544.

On motion for re-hearing.

Some analogous cases: Pittsburg Construction Co. v. West Sie Belt Ry. Co., 11 L. R. A. (N. S.) 1147-8; Oliver Co. v. Louisville Realty Co., 161 S. W. 570; Berka v. Woodward, 57 Pac. 777; President, etc., v. Owens, 7 Law. Ed. 507; Hall v. Coppell, 7 Wall, 19 Law. Ed. 248.

A very splendidly concluded case upon the question of the construction of illegal contracts is Third National Exchange Bank of Sandusky, Ohio, v. D. B. Smith et ux, 17 N. M. 166 to 188.

Relative to the matter of intentions of the parties as to charging usury. Ector v. Osborne, 13 A. L. R. 1208, citing cases.

O. P. Easterwood, of Clayton, for appellee.

The loan contract involved is not usurious because there was no intention upon the part of the borrower

and lender that the borrower should pay more than 10 per cent. interest per annum. 27 R. C. L. 208; Supplement Vol. 3 R. C. L. 1509. A corrupt intent must be shown. Armijo v. Henry, 14 N. M. 192; Jones on Mortgages, 7th Ed., 1049.

The rate of interest is to be computed over the entire 10-year period of the loan. Coving v. Fisher, 97 Pac. 618; Green v. Conservative Loan Co., Supreme Court of Arkansas, April 17, 1922 (S. W.); Clement Mortgage Co. v. Johnston, 201 Pac. 248; Ellis v. Terrel, 109 Ark. 69; National Life Ins. Co. v. Donovan, 87 N. E. 358; Tholen v. Duffy, 7th Mo. 405; Moore v. Cameron, 83 N. C. 51. The rule of construction of the test for usury is aptly applied in the case of Cissna Loan Co. v. Hector Gawley et al, 151 Pac. 792. See also Eldred v. Hart, 113 S. W. 213; Metz v. Winne, 79 Pac. 224; Garland v. Union Trust Co:, 165 Pac. 197; Baker v. Pittsburg Mortgage Inv. Co., 171 Pac. 24; Deming Inv. Co. v. Reed, 179 Pac. 35; Fowler v. Equitable Trust Co., 141 U. S. 384; Swanson v. Realization & Debenture Corp of Scotland, 73 N. W. 165; Tompkins v. Rain, 195 Pac. 800; Meyers Stuckin v. City of Muckatine, 1 Wall. 384.

Under the condition of the record, the admissions of the appellant in his pleadings, testimony and theory on which the case was tried, it is now too late to advance such a proposition as the appellant undertakes to advance in his brief in this court, that the 4 per cent. constituted a commission in derrogation of section 1806 of the Code. Pace v. Wiget, 181 Pac. 430; Codwell v. Higginbotham, 151 Pac. 321; Home Savings Bank of Des Moines v. Woodruff et al, 14 N. M. 508; Render v. Lillard, 160 Pac. 712; Wattenbarger v. Hall, 110 Pac. 911; Duffy v. Scientific American Comp. Dept., 120 Pac. 1088; Hubbell v. Forsyth, 165 Pac. 481; Waite v. Shoemaker & Co., 146 Pac. 740; Melke v. Miller, 170 Pac. 145; Morrison et al v. Atkinson, 85 Pac. 472; Knoop v. Kelsey, 22 Am. St. R. 780; Aultman & Taylor Co. v. Gunderson, 55 A. S. R. 843; Charlton v. Kelly, 50 Pac. 1043; Herbert v. Wagg, 117 Pac. 212; Watkins Med. Co., etc., v. Coombs, 166 Pac. 1074; Shawnee Bank

v. Pool, 167 Pac. 995; Buel, Prior & Daniels v. St. L. & S. F. Ry. Co., 163 Pac. 537; Burke v. Smith, 157 Pac. 55; French & Co. v. Haltnall et al, 144 Pac. 480; Stewart et al v. Preston et al, 137 Pac. 993; Priemus v. Wortz, 162 Pac. 483; Hrone v. Oklahoma State Bank etc., 139 Pac. 993; In Re Young's Estate, 55 Pac. 1014; Coombs v. Cooke, 129 Pac. 701; Smith v. Colson, 123 Pac. 150; Harrison v. Murphey, 49 L. R. A. (N. S.) 1062; Patrick et al v. Towne, 152 Pac. 395; Hanson v. Fricker, 21 Pac. 751; Metaler v. Jones, 19 Pac. 887.

OPINION OF THE COURT.

BRATTON, J.  The appellee, the American Investment Company, instituted this suit against the appellant, Samuel W. Lyons, seeking to recover judgment upon four certain promissory notes in the sum of $600 each, dated September 2, 1919, and due on September 1, 1920, 1921, 1922, and 1923, respectively, with interest thereon from and after maturity, at the rate of 10 per cent. per annum.  Foreclosure of a mortgage deed covering certain described premises securing the payment of said notes was also sought.  Appellant admitted the execution of the notes and mortgage deed.  He pleaded that on September 2, 1919, he executed his certain promissory note in the sum of $6,000, payable to the order of appellee, due 10 years from date, bearing interest from date until paid at the rate of 6 per cent. per annum, payable semi-annually; that to secure the payment of such note he executed his first mortgage deed upon the premises involved; that the $6,000 note, with the mortgage deed securing the same, and the four notes sued upon with the second mortgage deed upon the same land securing them, constitute a single transaction; the four notes being given to evidence additional interest upon the $6,000 note above the 6 per cent. per annum recited in such note.  He contended that the interest thus charged is usurious.  This question commands our first consideration.

[1]   The maximum rate of interest permitted under the laws of this state is 10 per cent. per annum.  Section 1, c. 162, Laws 1919, provides:

"Any rate of interest not exceeding 10 per centum per annum 'agreed to by the parties to the contract, shall be legal, and no person shall directly or indirectly take or receive any money, goods or things in action or in any other way, any greater interest, sum or value for the loan or forbearance of any money, goods or things in' action than 10 per centum per annum; provided that a minimum charge of one dollar ($1.00) may be made for interest where the said rate fails to aggregate said sum."

The $6,000 note provides that interest thereon shall be paid at the rate of 6 per cent. per annum, payable semi-annually. Mathematical computation readily discloses that 20 payments of $180 each are thus required, which aggregate $3,600. This sum, added to the $2,400 evidenced by the four notes of $600 each sued upon herein, reveal that the total aggregate sum which will be paid by the borrower as and for interest upon the loan in question is $6,000. This would be equal to interest on $6,000 for 10 years at 10 per cent. per annum, and would not be violative of the statute governing such transactions. The only question which need be seriously considered is whether the arrangement entered into between the contracting parties, whereby the payments to be made during the first 4 years of the loan, each of which included one of the $600 notes, as well as $360, being interest at 6 per cent. upon the $6,000 note, thereby aggregating $960, renders the transaction objectionable. Had the loan been for 4 years and these payments had been required, it would clearly be usurious, but the loan is not for 4 years only. It is for 10 years; and if the contract is fulfilled according to its terms, the appellant will have paid at the end of that time a total sum which will equal interest at the rate of 10 per cent. per annum on the principal for the full term of the loan. The contracting parties had the right to make this interest mature in such sums and at such times as they might agree upon. The fact that sums exceeding 10 per cent. of the principal were required during the first 4 years does not render the contract objectionable. This exact question has been considered by numerous courts, and they have uniformly held such contracts valid and free from usury. · The facts shown in Metz et al v. Winne, 15 Okl. 1, 79 Pac.

223, were that on August 27, 1901, $600 was loaned. A note in that sum, due 10 years after date, bearing interest at the rate of 7 per cent. per annum was executed. In addition, a note of $150 and one of $30 due on September 1, 1902, were executed, which were secured by a second mortgage upon the same land. It was contended that, because during the first two years of the loan, interest which exceeded 12 per cent. per annum was required, the loan was tainted with usury. In disapproving this contention, the court said:

"The facts specially pleaded in the answer are that the defendants borrowed from Winne, $600, payable in 10 years, with interest at 7 per cent., and that they executed one note for $600, and 10 notes for $42 each, representing the interest for the 10 respective years; that they also executed the note for $150, which was for additional interest, and aver that such sum was usurious and excessive. A mere matter of mathematical calculation is sufficient to refute the conclusion of the pleader. Parties may contract for a rate of interest not to exceed 12 per cent. The interest on $600 for 10 years at 12 per cent. is $720. The interest contracted for as shown by these notes is as follows: Ten notes, $42 each, $420. one note $30, and one note $150. total, $600—which is $120 less than the maximum interest the mortgagee was entitled under the law to deduct."

And in Garland et al. v. Union Trust Co. et al., 63 Okl. 243, 165 Pac. 197, the Supreme Court of Oklahoma further said:

"We are therefore of opinion that there is no merit in defendants' contention, in effect, that the $2,325 deducted as interest in advance, together with the exaction of a note for $2,750, with interest thereon at 8 per cent. for a year. and the further exaction of $1,572.22 as interest on the loan un to December 21, 1912, or in all, $6,822.22, was the exaction of usury at the rate of some 27 per cent. for a loan of $50.000 from the date of the mortgage up to that time. This for the reason that, although such rate seems excessive, computed, as it is, for a part only of the time the loan had to run. the same is not excessive when those payments are spread out over the entire time the contract, if performed, had to run, as we have seen."

For additional expressions from that court declaring this rule, see Covington et al. v. Fisher et al., 22 Okl. 207, 97 Pac. 615; Baker et al. v. Pittsburg Mortgage Inv. Co., 67 Okl. 310, 171 Pac. 23; Deming Inv. Co. v.

Reed et ux. (Okl. Sup.) 179 Pac. 35; and Clement Mortgage Co. v. Johnston, 83 Okl. 153, 201 Pac. 247.

A similar transaction was considered by the Supreme Court of Arkansas in Eldred et al. v. Hart et al.. 87 Ark. 534, 113 S. W. 213, wherein it said:

"It will be observed that the parties to the contract by its terms made the principal sum of $2,500, with interest on it at 5½ per cent., should become due on or before 5 years after date. In other words, it was payable within the prescribed time at the option of the borrower. The balance of $312.50 consisted of 10 notes of $31.25, payable semi-annually without any conditions whatever. The intention of the parties as shown by their written contract was to provide for a loan for 5 years, with interest at the rate of 8 per cent.. and the time of payment was fixed by the note. It is well settled that the interest which will accrue during the period of the loan may be divided up to suit the parties and separate obligations given for all or any part of it, and this is usually done. Scruggs v. Scottish Mortgage Co., 54 Ark. 566, 16 S. W. 563; Banks v. Flint, 54 Ark. 40, 14 S. W. 769, 16 S. W. 477, 10 L. R. A. 459. If the parties had the right to divide up the .principal sum and the interest which would accrue into separate obligations to suit their convenience, it necessarily follows that the time of payment of these separate obligations might be fixed at a given date or an option might be given the makers within which to pay the notes, or some of the notes might be made payable on or before a given date. and the remainder payable on a fixed date. The latter plan was adopted in the present case."

And in the quite recent case of Green v. Conservative Loan Co., 153 Ark. 219, 240 S. W. 13, the facts were practically identical with the facts here. The sum loaned was $2,500. It was evidenced by a promissory note due 10 years from date, and bore interest at the rate of 6 per cent. per annum, and in addition thereto three notes of $116.66, due 1, 2, and 3 years from date, respectively, were executed, and it was contended that during the first 3 years of the loan, the annual payments required by the terms of the agreement exceeded the permitted maximum and were therefore usurious. The court held the transactions to be valid, and said in part:

"It is true that the payments for each of the first 3 years amount to $221.66, and that this is more than 10 per cent. on the sum loaned, and, if the loan had been made for a

period of 3 years only, the contract would be usurious and void. But the loan was not for 3 years. It was for 10 years, and a calculation has been submitted which appears to be correct—and its correctness is not challenged—which shows that, if the payments are made as called for by the contract, a sum in excess of 10 per cent will not have been collected.

"If this intent does not exist, and the contract does not contemplate and call for the payment of a sum in excess of 10 per cent. for the use of the money during the time the borrower is to have its use, then the contract is not usurious."

To the same effect is the holding of the Supreme Court of Minnesota. In Swanson v. Realization & Debenture Corp. of Scotland et al., 70 Minn. 380, 73 N. W. 165, it is said:

"While it is obvious that, from the very complicated facts, several questions were presented to the court below, we are of the opinion that two only will have to be discussed at this time; the first being raised by assignments of error pertaining to the findings of fact, as well as to one of the conclusions of law. The question thus raised is whether, upon the facts. the court below was justified in finding that the note for $1,500 was usurious. It bore interest at the rate of 6 per cent., although the agreement was that the full amount of the loan should bear interest at 10 per cent. The two notes, each for $150, represented the difference between the 6 per cent. interest evidenced by the coupons, and the 10 per cent. stipulated for, this difference being exactly $300. If the contract was tainted with usury, it was because the payment of four-tenths of the interest argeed upon was in part advanced; for $150 became payable in about 9 months, instead of being spread out over 2½ years in semi-annual payments of $30 each, while the other $150 matured in about 18 months. all thereof being advanced, instead of being spread out in semi-annual payments of $30 each, commencing 3 years from the date of the note. Does this fact alone, in the absence of all other evidence of a usurious intent, establish a corrupt design—an attempt to evade the law? for there must be an intent to violate the law, to constitute usury; and when this intent is wanting the transaction is not usurious, whatever its appcarance. Ward v. Anderberg, 31 Minn. 304, 17 N. W. 630; Jackson v. Travis, 42 Minn. 438, 44 N. W. 316. We must answer this question in the negative. It is true that. by advancing the interest due days as to four-tenths of the 10 per cent. agreed upon, the payee of the $1,500 note actually received and secured to itself a slightly greater rate of interest than that permitted by statute; the total sum so reserved and secured, and the total gain to the payee, being less than $30, according to actual computation, in which interest at 10 per cent. is figured upon each anticipated or advanced interest payment from the time of payment until the due days. But this, of itself and alone, will not condemn the transaction as

usurious; and, as heretofore stated, this was the only fact tending to establish a corrupt intent. There was no bonus exacted as a condition for making the loan. The full sum of $1,800 was actually paid over to the mortgagor. The mortgage itself paid the agent's fees or commissions. There was no effort made to conceal or cover up any part of the transaction. There was a complete absence of such badges of an unlawful and forbidden agreement as are usually found about an attempt to receive or secure a usurious rate of interest."

See, also, Fowler v. Equitable Trust Co., 141 U. S. 384, 12 Sup. Ct. 1, 35 L. Ed. 786.

[2] From a review of the cases referred to, we are inevitably led to the conclusion that, if the sum charged as interest does not exceed interest at the rate of 10 per cent. per annum upon the sum loaned, computed upon the basis of the full time the loan is to extend, it is not usurious, regardless of the fact that such interest is evidenced by notes in such sums and maturing at such times during the interim as the parties may agree upon. This is what the parties did in this instance, and there seems to have been no intent on the part of the lender to exact a usurious sum. Such an intent is necessary to constitute usury. Armijo v. Henry, 14 N. M. 181, 89 Pac. 305, 25 L. R. A. (N. S.) 275; Anderson v. Creamery Package Mfg. Co., 8 Idaho, 200, 67 Pac. 493, 56 L. R. A. 554, 101 Am. St. Rep. 188; Washington Nat. Bldg. & Inv. Ass'n v. Stanley, 38 Or. 319, 63 Pac. 489, 58 L. R. A. 816, 84 Am. St. Rep. 793.

[3] It is lastly contended that the notes are void because they were given in settlement of a commission charged by the appellee to obtain the loan of $6,000, and that the sum so charged exceeds the maximum permitted by section 1806, Code 1915, and constitutes a violation of the penal provisions contained in section 1807 of said Code. This contention was not presented to the trial court and is urged here for the first time. In the lower court appellant strenuously contended that these notes were given as interest, and nothing whatever was said with regard to a commission. But contentions are made here. Obviously they are antagonistic. The sum charged could not be both interest

and commission. It is the declared law of this state that parties cannot on appeal change their contentions, shift their positions, nor advance new and different theories from those made and advanced upon the trial. We will review only the questions presented to the trial court. Questions presenting fundamental errors, indeed, are not included within this rule. Home Savings Bank v. Woodruff, 14 N. M. 502, 94 Pac.' 957; Cadwell v. Higginbotham, 20 N. M. 482, 151 Pac. 315. Had the appellant pleaded this issue in the court below, an interesting question would be presented. We cannot, however, with the record in its present condition, determine the same.

From what has been said, it is obvious that the trial court was correct, and the judgment will therefore be affirmed, and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.