[No. 2855. Sept. 15, 1923.]

AMERICAN INV. CO. V. ROBERTS et al.

### SYLLABUS BY THE COURT

Where the interest charged upon a loan does not exceed what the interest thereon would total at the rate of 10 per cent. per annum, computed upon the basis of the full time such loan is to extend, it is not usurious, even though the payments thereof are so divided that during the first four years of a 10-year loan each annual payment required exceeds 10 per cent. of the face of such loan.

Appeal from District Court, Union County; Leib, Judge.

Suit by the American Investment Company against Daniel T. Roberts and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Daniel K. Sadler, of Raton, and Joseph Gill, of Clayton, for appellants.

O. P. Easterwood, of Clayton, for appellee.

### OPINION OF THE COURT

BRATTON, J. The appellee instituted this suit to recover judgment upon four promissory notes in the sum of $1,400 each, executed by the appellants and payable to the order of the appellee, dated August 1, 1919, and due on February 1, 1921, 1922, 1923, and 1924, respectively, each bearing interest from maturity at the rate of 10 per cent, per annum, and to foreclose a mortgage upon certain described lands which secures the payment of such notes.

The appellants admitted the execution and delivery of the notes and mortgage deed, and pleaded, by way of an affirmative defense, that on August 1, 1919, they borrowed from the appellant $14,000 evidenced by three

promissory notes of that date, two of which were in the sum of $4,000 each, and the other in the sum of $6,000; that said notes were due ten years after date, and that each of them was secured by a first mortgage deed upon certain lands situated in Union county; that each of said notes, according to its face and tenor, bears interest from date at the rate of 6 per cent, per annum; and that the four notes sued upon were executed and delivered to evidence the additional 4 per cent. interest above the 6 per cent. recited in the face of the notes and the 10 per cent. agreed upon, and as such additional interest is not spread over the full time the loan was to extend, namely, 10 years, but matures in four equal payments on February 1, 1921, 1922, 1923, and 1924, it becomes and is usurious.

A trial was had before the court with the result that judgment was rendered for the full amount sued for with a foreclosure of the mortgage deed, from which this appeal has been perfected.

The single question of law involved is identical with that decided by us in American Investment Co. v Lyons, 218 Pac. 183, not yet [officially] reported. We there held that if the sum charged as interest upon a loan does not exceed what the interest on such loan would total at the rate of 10 per cent. per annum, computed upon the basis of the full time such loan is to extend, it is not usurious, even though the payments thereof are so divided that during the first four years of a 10-year loan each annual payment required exceeds 10 per cent. of the face of such loan, while during the remaining 6 years the annual sum paid each year is less than 10 per cent. of such principal. During the first 4 years of this loan the borrower will, each year, pay a sum equal to 16 per cent. of the principal, so that at the end of the 4-year period he will have paid 64 per cent. interest, and during the last six years he will, each year, pay 6 per cent. of the principal, making 36 per cent. paid during such last 6-year period. The two sums added together make 100 per cent. which does not

exceed interest at the rate of 10 per cent. per annum, computed upon the basis of 10 years; that being the time the loan in question is to extend. Had the loan, by its terms, matured on February 1, 1924, the interest which would have been then paid, would clearly exceed the rate of 10 per cent., which is the maximum permitted under the law of this state, but it did not mature at that time. On the contrary it matures 10 years after its date. There are three factors which must enter into the equasion which have for determination, namely, the principal, the time, and the interest. The principal is $14,000, the time is 10 years, and the interest charged is $14,000. This does not exceed interest on such sum for such time at the maximum rate permitted by law.

From what we have said, it follows that the judgment and decree of the lower court were correct, and are therefore affirmed, and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.

---

[No. 2724.  Aug. 28, 1923.]
[Rehearing Denied Oct. 3, 1923.]