## HARRY W. AND LENA A. FRANCIS v. LAURITZ CHRISTENSEN AND OTHERS.[1]

November 9, 1928.

No. 26,852.

**On plain issue of fact decision of trial court against usury is final.**

Usury is negatived by a finding, sustained by evidence, that there was no loan or forbearance of money to a borrower but instead a purchase at a discount but in good faith of the security in question from a third party.

Usury, 39 Cyc. p. 936 n. 30; p. 1057 n. 87.

Plaintiffs appealed from an order of the district court for Hennepin county, Salmon, J. denying their motion for a new trial. Affirmed.

*William E. MacGregor,* for appellants.

*L. A. & A. P. Reed,* for respondents.

STONE, J.

Action to cancel upon the ground of usury the instruments hereinafter referred to. After findings and an order for judgment against plaintiffs, they appeal from the order denying their motion for a new trial.

February 23, 1926, plaintiffs, husband and wife, conveyed their residence property in Minneapolis to defendant Braunwarth, an office associate of a real estate and loan broker by the name of Winterer. The deed was made pursuant to an arrangement between plaintiffs and Winterer to enable them to raise money on the security of their property, which was already encumbered by a first mortgage. The plan was for Braunwarth as ostensible vendor and plaintiffs as ostensible vendees to enter into a contract of sale. That was done. No consideration for either deed or contract passed between plaintiffs and Braunwarth, who was merely a "straw man."

[1]Reported in 221 N. W. 720.

The contract recited a purchase price of $6,000; that $2,000 had been paid thereon in cash; $2,500 more by the assumption by plaintiffs of the mortgage already on the property; and that the balance of $1,500, with interest, would be paid in monthly instalments of $35. The purpose was to enable Winterer to sell the contract, by an assignment from Braunwarth, and so procure the money wanted by plaintiffs.

Defendant Lauritz Christensen is a tailor, and defendant Anna S. Christensen is his wife. They are neither habitual money lenders nor note shavers. They are people of small means and no large experience in business affairs who had previously purchased from Winterer a mortgage and another contract. He offered them the contract from Braunwarth to plaintiffs, the face value of which was $1,500, at a discount of $240, so that they could purchase it for $1,260. They accepted and made the purchase, taking an assignment from Braunwarth. Plaintiffs' deed to him and their contract with him plaintiffs now seek to have nullified upon the ground of usury. If there was in fact a mere loan from defendants Christensen to plaintiffs, the discount of $240 would render it usurious and void the whole transaction under our statute. G. S. 1923, § 7038. Winterer reserved for his own commission an additional $75, so that plaintiffs got only $1,185. And out of that Winterer required them to pay filing fees and other incidental expenses of $16.50.

The evidence makes a plain issue of fact upon which the decision below is final. There is much testimony which if taken alone would lead irresistibly to the conclusion that defendants Christensen never intended to loan the money they paid for the contract, but that they intended to buy and considered that they were buying it outright. That testimony amply supports the finding that they made a purchase rather than a loan. The case is therefore within the rule of and controlled by Jackson v. Travis, 42 Minn. 438, 44 N. W. 316. It is argued that the Christensens should have known that Braunwarth was a mere go-between rather than a genuine vendor. The mere presence of circumstances which might have but did not put them on inquiry in that direction does not help plaintiffs as

against the well sustained finding that in fact the purchasers considered in good faith that they were buying the contract from Braunwarth through Winterer.

We have examined all the evidence upon which is based the argument for reversal. It cannot overcome the adverse finding. The conclusion being entirely tenable that the Christensens originally intended a purchase and not a loan, it does not force a contrary conclusion that thereafter, in conversation with plaintiffs or with others, they referred to the transaction as a loan. Plaintiffs were then owing them money, and the debt was drawing interest. Persons much better versed in legal and business terminology might casually characterize such a transaction as a loan and still not be bound thereby as against evidence that it was in fact something else.

The contention is strongly pressed that Winterer was the agent for the Christensens and therefore that his knowledge and purposes were chargeable to them. There again there is so much of evidence and inference to support the opposing view that the decision below must stand. Concededly Winterer was first employed by plaintiffs to raise the money for them. The plan was complete before defendants were approached, and there is no claim that they used Winterer for any purpose until after their acceptance of his offer to sell the contract. Then they put in his hands only the matter of seeing to it that as to the examination of the title and the preparation and filing of the papers for record their rights were protected. He had not been and was not thereafter authorized to act for them in any other capacity. Winterer's duty to them was wholly ministerial and he remained, or at least there is abundant evidence that he remained, the agent of plaintiffs and of plaintiffs alone for the negotiation of the transaction on the lines originally laid down between them and Winterer. To that plan the Christensens were not parties.

The penalties of our statute against usury are severe but must be imposed in any case where a violation of the law is clear. The exaction of forbidden interest "without moral wrong" and in ignorance of the law against usury may nevertheless bring down on the

transaction the penalty of usury. Green v. N. W. Trust Co. 128 Minn. 30, 36, 150 N. W. 229, L. R. A. 1916D, 739. But there is here so much of proof that the statute was not violated by either the intention or act of the Christensens that the decision below must stand. It would offend justice to dispose of the case otherwise by confiscating the money of the Christensens for the benefit of plaintiffs. Devices to cover usury are odious and not to be tolerated, and courts do not hesitate to override them whenever reasonably satisfied that usury is the fact. Missouri, K. & T. Tr. Co. v. McLachlan, 59 Minn. 468, 61 N. W. 560. But here the evidence does not reasonably satisfy that usury was the fact. Without putting this case in that category, it may be observed that devices to trap the unwary into parting with their money and then to deprive them of it forever on the plea of usury are even more odious than those to cloak usury in a garment of innocence. So precedents for the former are even more to be avoided than those for the latter.

Order affirmed.