JOSEPH MARTIN v. THEODORE G. HALLEN AND OTHERS.[1]

May 24, 1929.

No. 27,152.

*Nicholas Doll,* for appellant.

*Bleecker & Babcock,* for respondents Phillips.

[1]Reported in 225 N. W. 443.

WILSON, C. J.

Appeal from an order denying a motion for a new trial.

Plaintiff owned two pieces of real estate which were mortgaged separately. He desired to raise money by second mortgage thereon. He consulted the Brown Agency, a local real estate firm, and there met one Hanford, a mortgage broker, who suggested the plan adopted. Plaintiff executed two notes and mortgages to one Hallen for $2,400 and $1,600. Negotiations were had for the sale of these notes and mortgages. Hanford put plaintiff in touch with Sam Friedman, a lawyer, as a prospective buyer. Friedman negotiated with several persons, including defendants Phillips, who examined the property and bought from Friedman the $2,400 mortgage for $2,000 and the $1,600 mortgage for $1,300. Friedman gave the Brown Agency for plaintiff $1,850 for the one mortgage and $1,175 for the other.

Plaintiff brought this action to cancel the two notes and mortgages on the ground of usury.

■ Hallen was acting merely as an accommodation party. Friedman knew this. When the sale was consummated Hallen transferred the notes and mortgages, signing the notes without recourse, direct to Jay Phillips and Lewis E. Phillips. The court found that Friedman was acting for himself as a middle man or broker and that the relation of principal and agent did not exist. Friedman made his profit by purchasing these mortgages for less than that for which he sold them to defendants Phillips. Friedman was dealing for an immediate turnover. All the parties knew that. No one paid him as an agent. He was in business for himself. The court so found. The evidence sustains this finding. Appellant's claim that Friedman was the agent of defendants Phillips and that his knowledge is imputable to them is untenable in the face of the finding just mentioned.

■ The court found that defendants Phillips were not advised of the character of these mortgages and were bona fide purchasers for value and in good faith. Appellant urges that Phillips had notice of such facts as to cause him to make inquiry and that failure to

investigate amounted to bad faith; and that had he investigated he would have learned that the instruments were accommodation paper and without consideration.

This was a deliberate scheme designed and promulgated by plaintiff and Hanford. They caused this accommodation paper to be sold at a discount and now seek to subject the purchasers thereof to the penalty of usury. Under such circumstances the ordinary rules for determining whether one is a bona fide purchaser of negotiable paper do not control. Here the whole scheme was to conceal from the purchasers the fact that they were in truth loaning money to plaintiff. Having perpetrated such scheme they now seek to say that if the purchasers had investigated they would have learned the truth and discovered that the apparently regular form of the papers was a falsehood. Such is not the law. Francis v. Christensen, 175 Minn. 468, 221 N. W. 720.

In a case of this character the mere fact that circumstances might have put the purchasers upon inquiry is not sufficient. The truth is they did not make the inquiry. They did not learn of the defect in the paper. They bought in good faith for value without any knowledge of the usurious transaction, and the evidence supports the finding to that effect.

Affirmed.